IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Pryor, ) | |
| ) | Civil Action No. 3:06-2461-RBH-JRM |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| Kenneth Weedon Associate Warden of ) | |
| Broad River Correctional Institution, ) | **REPORT AND RECOMMENDATION** |
| and Henry D. McMaster, Attorney ) | |
| General of the State of South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

     Petitioner, Donald Pryor ("Pryor"), is an inmate at the South Carolina Department of Corrections serving a sentence of 22 years imprisonment for voluntary manslaughter. He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is in custody in violation of the Constitution of the United States. The case was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Respondents filed a motion for summary judgment, supported by copies of portions of the state court record, on November 30, 2006. Because petitioner is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on December 5, 2006, advising petitioner of his responsibility to properly respond to the motion for summary judgment. Petitioner filed his response on January 3, 2007.

**Procedural History**

     On January 19, 1999, Pryor shot and killed James Henderson after a day of drinking and arguing. Pryior was indicted for murder in February of 1999. After a three-day trial beginning on April 24, 2000, the jury found Pryor guilty of voluntary manslaughter, and he was sentenced to

twenty-two years imprisonment by the Honorable Lee S. Alford.  Pryor was represented at trial by retained counsel Andrew J. Johnston, Esquire.

An Anders[1] brief was filed through the South Carolina Office of Appellate Defense arguing that:

> The trial judge erred in failing to grant a directed verdict as to the charge of murder where the evidence supported only a charge of manslaughter.

Pryor filed a pro se brief contending that he had armed himself in self-defense, but that the shooting was accidental because it occurred while he and the victim struggled over the shotgun.[2]  The appeal was dismissed by the South Carolina Supreme Court.  See State v. Pryor, Unpublished Op. No. 2001-UP-527 (Filed Dec. 4. 2001).

Pryor filed an application for post-conviction relief ("PCR") on May 20, 2002. (App. 554).  An evidentiary hearing was held on November 13, 2003.  Pryor was represented by Brendan M. Delaney, Esquire.  The PCR court issued a written order of dismissal on January 5, 2004 (App. 633).  A petition for writ of certiorari was filed through the South Carolina Office of Appellate Defense raising the following claim:

> Petitioner was prejudiced by defense counsel's failure to object to the trial court's jury instruction on self-defense that failed to tell the jury that the burden of proof was on the state to disprove self-defense.

The petition for writ of certiorari was denied by order of the South Carolina Supreme Court dated November 17, 2005.  The remittitur was returned on December 6, 2005.

---

[1]Anders v. California, 386 U.S. 738 (1967).

[2]Pryor also contested the propriety of a jury instruction concerning the jurors' deliberations.

## Grounds for Relief

In his present petition, Pryor asserts that he is entitled to a writ of habeas corpus on the following grounds:

> Ground one: Denial of effective assistance of counsel.
> Supporting Facts: Petitioner asserts that he was prejudiced by defense counsel's failure to object to the trial court's jury instruction on self-defense that failed to tell jury that the burden of proof was on the State to disprove self-defense.
>
> Ground two: Insufficiency of evidence.
> Supporting Facts: Conviction rests on constitutionally insufficient evidence which does not support a "beyond a reasonable doubt" standard of guilt which is necessary to sustain a criminal conviction.

## Discussion

Since Pryor filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

3

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Id. at 1519-20.  Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable."  Id. at 1521.

    1.    Ineffective Assistance of Trial Counsel

Pryor asserts that Johnston was ineffective for failing to object to the Court's instruction of self-defense because it failed to specify that the burden was on the State to disprove self-defense.  This issue was rejected by the PCR court.  The court found that Johnston committed error by failing to object, but that Pryor had failed to show prejudice. (App. 635-37).  The issue was presented to the South Carolina Supreme Court which denied certiorari.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970).  In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel.  A petitioner must first show that his counsel committed error.  If an error can

4

be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. See Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

For many years self-defense was an affirmative defense, and the defendant was required to establish the defense by a preponderance of the evidence under South Carolina common law. <u>State v. Franklin</u>, 80 S.C. 332, 605 S.E. 953 (1908). Several United States Supreme Court decisions raised due process concerns about requiring the defendant to prove the defense.

In <u>State v. Davis</u>, 282 S.C. 45, 317 S.E.2d 452 (1984), the South Carolina Supreme Court approved a suggested charge for trial courts. With respect to the elements of the defense, the Supreme Court suggested:

> Self-defense is a complete defense. If established, you must find the defendant not guilty. There are four elements required by law to establish self-defense in this case. First, the defendant must be without fault in bringing on the difficulty. second, the defendant must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger. Third, if his defense is based upon his belief of imminent danger, a reasonably prudent man of ordinary firmness and courage would have entertained the same belief. If the defendant actually was in imminent danger, the circumstances were such as would warrant a man of ordinary prudence, firmness and courage to strike the fatal blow in order to save himself from serious bodily harm or losing his own life. Fourth, the defendant had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance. If, however, the defendant was on his own premises he had no duty to retreat before acting in self-defense. These are the elements of self-defense.

The Supreme Court also suggested the following be charged as to burden of proof:

> If you have a reasonable doubt of the defendant's guilt after considering all the evidence including the evidence of self-defense, then you must find him not guilty. On the other hand, if you have no reasonable doubt of the defendant's guilt after considering all the evidence including the evidence of self-defense then you must find him guilty.

The language required by the South Carolina court is slightly more favorable to a defendant than that which is constitutionally mandated. Compare <u>State v. Davis</u>, <u>supra</u>, with <u>Martin v. Ohio</u>, 480 U.S. 228 (1987).

Later, the South Carolina Supreme Court clarified that the charge set forth in <u>Davis</u> was not exclusive and that other common law common law concepts such as the duty to retreat and the right to act on appearances should be charged when appropriate. <u>State v. Fuller</u>, 297 S.C. 440, 377 S.E.2d 328 (1989). In <u>State v. Wiggins</u>, 330 S.C. 538, 500 S.E.2d 489 (1998), the Supreme Court, in considering whether denial of a directed verdict was appropriate, indicated that the State has the burden of disproving a claim of self-defense. The Court further clarified the issue in <u>State v. Addison</u>, 343 S.C. 290, 540 S.E.2d 449 (2001) by holding:

> When self-defense is properly submitted to the jury, the defendant is entitled to a charge, if requested, that the State has the burden of disproving self-defense by proof beyond a reasonable doubt.

At the time of Pryor's trial, <u>Wiggins</u> had been decided but <u>Addison</u> had not. The PCR court found Johnston's "failure to object to the trial court's failure to charge the State's burden as it pertains to self-defense fell below reasonably professional norms for a criminal defense attorney." (App. 636). However, the PCR court continued its <u>Strickland</u> analysis and found that Pryor had failed to show prejudice:

> In this case, trial counsel testified that his defense strategy involved numerous theories, including accident, voluntary manslaughter, involuntary manslaughter, and self-defense. However, trial counsel also testified that self-defense was not the strongest defense given the facts of the case as the trial unfolded. Trial counsel explained that the defense had a problem with the facts concerning whether or not the victim was actually armed, the facts concerning the applicant's duty to retreat, and the facts concerning the Applicant being responsible for brining on the difficulty. This Court finds trial counsel's testimony credible. The Court has reviewed the transcript and the pertinent facts that would apply to establishing self-defense and finds that self-defense was problematic for the same reasons that trial counsel enumerated at the PCR evidentiary hearing.

> In conclusion, this Court finds that the self-defense instructions, while erroneous, amounted to harmless error because it was not a completely viable defense and did not effect the outcome of the trial. Thus, the Applicant did not carry his burden to show a reasonable probability that the outcome of the

trial would be different.  <u>Jackson v. State; State v. Davis</u>.  Therefore, the applicant failed to carry his burden to show prejudice from the deficient representation.  <u>Strickland v. Washington</u>.  Accordingly, this allegation of ineffective assistance of counsel is denied.

(App. 636-37).

After reviewing the trial and PCR transcripts, the undersigned finds that the PCR court's decision was not contrary to, or an unreasonable application of the <u>Strickland</u> test.

The trial court instructed the jury on possible verdicts–guilty of murder, voluntary manslaughter, involuntary manslaughter, and not guilty.  The trial court also charged the jury on self-defense, in substantial compliance with <u>State v. Davis</u>, <u>supra</u>, and accident.  The PCR court found several problems with self-defense as quoted above.  Johnston acknowledged these problems at the PCR hearing. (App. 622-23).  Johnston recognized that self-defense was not his best theory of defense based on these problems (<u>Id</u>. 624).  He testified, "I thought it was enough [evidence] there to throw it, as you say, through it out [as a defense]." (<u>Id</u>.).  Johnston also testified that he thought an accident defense was a better theory than self-defense based upon a statement by Pryor to law enforcement authorities after the shooting.  He testified that the problem with a defense of involuntary manslaughter or accident was that the defense had to show that Pryor "would have been acting lawfully in carrying" the shotgun. (<u>Id</u>.)  Johnston's strategy was to argue that Pryor "armed himself in self-defense" but that the shooting was accidental.[3] (<u>Id</u>. 625).

This was the defense strategy from the beginning.  In his opening statement, Johnston told the jury of the victim's reputation for violence and that "it was a result of this reputation and [the

---

[3]The argument between Pryor, Henderson, and others lasted a long time.  At trial, Pryor testified that he telephoned his daughter who brought him some shotgun shells.  When she arrived, the shotgun was in her vehicle.  Pryor testified that he took the shotgun into the trailer because he intended to trade it for an automobile. (Tr. 360-68).

deceased's] actions that caused my client, Mr. Donald Pryor, to arm himself.  Mr. Pryor armed himself in self-defense." (Tr. 92).  This theory was later echoed during Johnston's summation. (Tr. 432 and 445).

Johnston's opening and closing statements underscore the inherent problems with a self-defense theory raised by the facts in Pryor's case.  The record fully supports the conclusion of the PCR court that Pryor was not prejudiced when Johnston failed to request the jury instruction on the state's burden to disprove self-defense.  In essence, self-defense was a strategy used to justify Pryor's possession of a shotgun so that he could argue that the shooting was an accident.

2.    Insufficiency of Evidence.

Pryor appears to assert that there was insufficient evidence to support his conviction for voluntary manslaughter.

A habeas petitioner's claim that he was convicted on insufficient evidence is cognizable as a due process violation.  Jackson v. Virginia, 443 U.S. 307 (1979), Schulp v. Delo, 513 U.S. 298 (1995).  The due process clause is not violated if, viewing the evidence in the light most favorable to the State, and giving the prosecution the benefit of all reasonable inferences, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt.  Evans-Smith v. Taylor, 19 F.3d 899, 905 (4th Cir. 1994).  This court is required to review and evaluate all of the evidence presented at trial in assessing such a claim.  Wright v. West, 505 U.S. 277 (1992).  Completely circumstantial evidence may be adequate to support a conviction.  Stamper v. Munice, 944 F.2d 170 (4th Cir. 1991).

There was ample evidence presented at trial to support Pryor's conviction.  As discussed above, Pryor never denied shooting the victim.  Pryor telephoned his daughter and asked hre to bring

9

some shotgun shells indicating there was "trouble" at the trailer. (App. 134-38; 140-41; 146). There was also evidence that Pryor stated he was going to shoot Henderson before to the incident.[4]

In any event, this claim is procedurally barred. It was never developed or presented to the state courts for review. Coleman v. Thompson, 501 U.S. 722 (1991).[5]

### Conclusion

Based on a review of the record, it is recommended that respondents' motion for summary judgment be granted, and the petition dismissed without an evidentiary hearing.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

June 28, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[4]A witness, Darryl Riley, gave a signed written statement to this effect to the investigators on the day of the homicide. He denied the statement at trial. (App. 154-55).

[5]In his Roseboro response, Pryor argues that his trial counsel was ineffective for failing to make a motion for directed verdict at the close of the State's case. This is factually accurate. However, this claim is likewise procedurally barred because it was never presented in this form to the South Carolina Supreme Court for review.

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).